**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOSEPH PARADISO, ) | |
| Plaintiff, ) | |
| ) | No. 07 CV 4247 |
| v. ) | Judge Blanche M. Manning |
| ) | |
| OFFICER JAMES J. OBALDO, and ) | |
| OFFICER JAMES PREROST, ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Plaintiff Joseph Paradiso and defendant James Obaldo are both real estate agents. On January 20, 2007, Obaldo and his client arranged a showing of a condominium being sold by Paradiso. However, the showing did not go as planned. After a tussle between the two real estate agents resulted in police being called to the scene, Paradiso was ultimately arrested for battery by defendant officer James Prerost as well as by Obaldo who, in addition to being a real estate agent, was an off-duty police officer. Paradiso has sued the two officers alleging that they violated his constitutional rights by falsely arresting him and employing excessive force because he is gay. He has also alleged various state law claims.

In advance of trial, the parties have filed motions in limine, each with numbered subparts. Many of the subparts are uncontested and are therefore granted without further discussion. The court addresses the remaining disputed subparts in turn.

**I.      Plaintiff's Motion in Limine  [97-1]**

  1.     *Bar Evidence of OPS/IPRA Investigation*
  13.    *Bar Testimony of Kymberly Reynolds*

The defendants seek to bar any evidence that the Chicago police department's Office of Professional Standards and one of its employees, Kymberly Reynolds, investigated Paradiso's complaint of police misconduct. The court agrees that evidence that an investigation occurred and the decision reached by the OPS are irrelevant given that violations of local laws and regulations have no bearing on claims brought under 42 U.S.C. § 1983, which involve violations of the constitution. *See Thompson v. City of Chicago*, 472 F.3d 444, 455 (7th Cir. 2006).

However, Paradiso correctly argues that statements made by witnesses to Reynolds may be relevant to impeach any witness whose trial testimony contradicts those earlier statements. Moreover, the fact that Paradiso filed a complaint of misconduct could become relevant if the defendants introduce evidence suggesting that Paradiso never made a contemporaneous report of misconduct.

Accordingly, the motion is granted to the extent that evidence that the investigation occurred and the decision reached by the OPS are barred. However, this order does not bar Paradiso's use of evidence uncovered during the investigation, including the use of witnesses' statements for purposes of impeachment.

*2.     Bar Generalized Evidence of Code of Silence*

The defendants seek to bar generalized evidence of a police "code of silence," under which police officers allegedly lie, conspire, and cover-up in order to protect fellow officers. Paradiso's response focuses not on general evidence of a "code of silence," but rather on the admissibility of evidence that the officers involved in this case adhered to the "code of silence," under which they were required to "remain silent if they witnessed any violation of Plaintiff's constitutional rights by fellow officers." Response [103-1] at 2.

The court agrees that Paradiso is entitled to "develop the theme that a code of silence existed among *these particular officers* in *this particular incident*." Moore v. City of Chicago, No. 02 CV 5130, 2008 WL 4549137, at *6 (N.D. Ill. Apr. 15, 2008) (emphasis added). Accordingly, the motion in limine is granted in part and denied in part as follows: (1) because Paradiso appears not to seek to introduce generalized evidence of a "code of silence," such evidence shall be excluded; but (2) Paradiso may introduce evidence that the officers involved in the events underlying the complaint adhered to a "code of silence" regarding the alleged violation of his constitutional rights.

*4.     Bar Argument that a Conspiracy Existed*

The defendants seek to exclude any evidence or argument regarding a conspiracy among the defendant officers given the fact that Paradiso has not alleged a conspiracy. Paradiso agrees to refrain from using the word "conspiracy" at trial, but argues that he is entitled to present "testimony and argument regarding complicity on the part of witnesses."

Because Paradiso has not alleged a conspiracy claim, evidence of or argument about a conspiracy is excluded. As for evidence of "complicity," it is not clear to the court what evidence Paradiso has in mind that would be evidence of complicity but not of a conspiracy and in any event he has not explained why evidence of complicity would be relevant given the absence of any allegations of a conspiracy.

Accordingly, the motion to exclude evidence or argument regarding a conspiracy among the defendant officers is granted. If Paradiso wants to introduce evidence of complicity at trial, he must first seek the court's permission and be prepared to establish the evidence's relevancy.

*7.     Bar Argument that Jurors Should Punish the City*

The defendants seek to bar Paradiso from arguing that the jury should "send a message"

to the City of Chicago with its verdict or somehow punish the city, because Paradiso cannot recover punitive damages from the city. *See* 745 Ill. Comp. Stat. 10/2-102 ("a local public entity is not liable to pay punitive or exemplary damages"). In other words, the defendants assert that arguments about sending a message or punishing the city are improper because they are relevant only to a claim for punitive damages, which in this case are unavailable.

Paradiso disagrees, noting that he is entitled to ask the jury to "send a message" by awarding full compensatory damages for his injuries. The court agrees with Paradiso and denies the motion in limine with the caveat to Paradiso that any "message" arguments must be made in the context suggested above, must not imply that he is entitled to punitive damages from the city, and must be limited to damages attributable to the defendant officers as opposed to non-party officers. *See Saunders v. City of Chicago*, 320 F. Supp. 2d 735, 738 (N.D. Ill. 2004).

> 8. *Bar Evidence that Non-Defendant Officers Engaged in Misconduct*

The defendants seek to bar evidence of allegedly bad acts by non-defendant police department employees, such as evidence that a crime scene technician failed to photograph Paradiso's injuries and police station personnel were rude and cursed at him. The defendants argue that such evidence is irrelevant because no claims are alleged as to those non-defendant police department employees, and their conduct is not attributable to the defendant officers because Paradiso has not alleged a claim of conspiracy.

In response, Paradiso argues generally, without any citation to authority, that "he should not be precluded from testifying to his entire experience while in police custody." Response [103-1] at 6. Perhaps Paradiso is attempting to avail himself of the concept of "inextricably intertwined" evidence, under which evidence is admissible if necessary to complete the party's story. *See generally O'Sullivan v. City of Chicago*, 484 F. Supp. 2d 829, 847 (N.D. Ill. 2007) (discussing concept of "inextricably intertwined" evidence). But Paradiso has not explained why testimony about his interactions with non-defendant officers is necessary to complete the story of the claims against the defendant—false arrest, excessive force, malicious prosecution, and intentional infliction of emotional distress. In the absence of any explanation why Paradiso's interactions with non-defendants is necessary to complete the story of his interactions with the defendant officers, the motion to exclude such evidence is granted, though without prejudice to Paradiso's ability to establish relevancy at trial.

> 10. *Bar Evidence of Other Complaints and Proceedings Against the Defendant Officers*
> 14. *Bar Dewan Brooks & Robert Garcia from Testifying at Trial*

In these two motions, the defendants seek to bar evidence of their prior bad acts. Specifically, they seek to bar evidence of two prior lawsuits, one filed by Robert Garcia and one by Dewan Brooks. Garcia's suit alleged claims of false arrest and excessive force against Obaldo based upon an incident in which Obaldo allegedly "flew off the handle" after pulling over Garcia

during a traffic stop. Response [103-1] Ex. D at 68:17-18. After the stop, Obaldo allegedly planted cocaine on Garcia, clenched Garcia's genetalia while conducting a search, referred to Garcia's genetalia in a derrogatory manner, and asked Garcia if he was gay. Brooks' suit alleged a claim of excessive force based upon an incident in which Obaldo was among a group of police officers who beat Brooks for throwing a rock at officers investigating a shooting in Brooks' neighborhood.

Evidence of prior bad acts is "not admissible to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, evidence of prior bad acts can be used "for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident." *Id.* To introduce such evidence, a party must show that (1) the evidence establishes a matter other than propensity, (2) the other act is "similar enough and close enough in time to be relevant to the matter in issue," (3) evidence of the other act is sufficient to permit a jury to find that the act occurred, and (4) the probative value of the evidence is not substantially outweighed by the danger of unfair prejudice. *Treece v. Hochstetler*, 213 F.3d 360, 363-64 (7th Cir. 2000).

Paradiso has established each of these factors. First, the prior incident involving Garcia establishes a matter other than propensity because, if jurors accept it as true, it would be evidence that Obaldo's allegedly violent reaction was motivated by his perception that Paradiso was gay. *See United States v. Oechsle*, No. 95-5853, 1996 WL 654377, at *2 (4th Cir. Nov. 12, 1996) (prior stabbing is evidence of intent where both it and stabbing at issue involved perceived homosexual overtures from the victim, followed by a facade of compliance from [the defendant], who then stabbed his victim in the back once the victim's guard was down.").

Second, Obaldo's reported violence towards Garcia is sufficiently similar to the instant incident because both involve violence directed at a victim he may have perceived to be gay and the incidents occurred close in time (the Garcia incident occurred three months before the Paradiso incident).

Third, evidence of Garcia's incident is anticipated to consist of trial testimony from Garcia and, as a result, Garcia will be subject to cross-examination. The evidence, if believed, would therefore be sufficient to permit a jury to conclude that the incident happened.

Finally, on balance the court does not find that the danger of unfair prejudice substantially outweighs the probative value of evidence of the Garcia incident.

As for the Brooks incident, Obaldo was allegedly motivated by his belief (albiet mistaken) that Brooks had engaged in criminal conduct—throwing a rock at officers. Thus, it does not share a common motive with the incident involving Paradiso, which was allegedly motivated by homophobia. Because the Brooks incident would serve only as evidence of a propensity to react violently, it is inadmissible under Rule 404(b).

Accordingly, the motions to exclude are granted in part and denied in part as follows: Garcia's testimony about his interactions with Obaldo is admissible, while the other proffered evidence of the defendant's prior bad acts is inadmissible.

> 12. *Limit Non-Expert Treating Physicians to Opinions About Treatment They Provided*

The defendants seek to bar expert testimony from Paradiso's treating physicians because, although Paradiso disclosed them as experts, he did not provide written expert reports. Although written reports are required of a witness "retained or specially employed to provide expert testimony," such is not the case here. According to Paradiso's Rule 26(a)(2)(A) disclosures, the physicians identified are testifying based upon their treatment of Paradiso, not because they were retained. As a result, Rule 26(a)(2)(B) is inapplicable. *See Nat'l Jockey Club v. Ganassi*, No. 04 CV 3743, 2009 WL 2177217, at *9 (N.D. Ill. July 21, 2009) (Rule 26(a)(2)(B) is inapplicable to non-retained witness testifying based upon first-hand knowledge of relevant events).

Accordingly, the motion to exclude is denied.

> 16. *Bar Testimony about Pasin's Interactions with Personnel at the 19th District Station*

The defendants seek to bar testimony from Paradiso's assistant, Anthony Pasin, about a conversation Pasin had with a non-defendant officer during which the officer allegedly told Pasin, "Normally we would never bring someone in in this situation," during which she rolled her eyes.

Paradiso has not argued that the non-defendant officer's statement to Pasin is relevant. Additionally, the statement is inadmissible hearsay. Accordingly, any such testimony is excluded.

However, the defendants also seek to bar *any* testimony by Pasin regarding his interactions with officers at Chicago's 19th District Station during the time of Paradiso's arrest. That request to exclude is overly broad and, for that reason, is denied, though the court may revisit the issue at trial if necessary.

> 17. *Bar Ann Barrett from Giving Expert Testimony*

The parties agree that Ann Barrett, a friend of Paradiso's who is also a nurse, was not disclosed as an expert and therefore is barred from offering expert testimony. Accordingly, the motion is granted. However, this ruling does not bar Barrett from testifying about her personal observations of Paradiso.

## II. Defendants' Motion In Limine [98-1]

   *2.    Bar Evidence of Plaintiff's Prior Employment with United Airlines*

Paradiso seeks to exclude evidence that he used to work as a flight attendant at United Airlines before becoming a self-employed real estate agent. He argues that his work at United is irrelevant to his claim for damages, in which he seeks the loss in real estate commissions he experienced between January and September of 2007.

The defendants contend that Paradiso's work at United is relevant to the issue of damages because (1) he told his treating psychologist that, as a result of the incident with the defendants, he was considering returning to work as a flight attendant at United, and (2) the defendant's expert witness noted Paradiso's employment by United in his assessment of Paradio's work history.

Evidence that Paradiso contemplated returning to United could be relevant to Paradiso's request for damages based upon continuing pain and loss of normal life. *See* Proposed Pretrial Order [111-1] at 15. Accordingly, the motion to exclude evidence that he used to work at United and expressed an interest in returning is denied.

   *3.    Bar Evidence of Plaintiff's Unrelated Medical and Psychiatric Records*
   *16.   Bar Evidence of Plaintiff's Anger Management Issues*

Paradiso seeks to exclude references to his medical and psychiatric records unrelated to his encounter with the defendants. Paradiso admits that evidence of his emotional and psychological condition prior to the encounter is relevant to his claim for emotional damages, but contends that "this does not allow the defendants to open the door and expose details of plaintiff's five year mental health treatment history." Reply [106-1] at 2.

The only evidence of a medical or psychiatric nature that Paradiso has specifically sought to exclude is evidence of anger issues. Paradiso contends that such evidence is irrelevant because his treating doctors agree he has no anger issues. But, in fact, two of his doctors noted Paradiso's increased anger after his encounter with the defendants. Because Paradiso is seeking damages based upon the lasting emotional impact of his encounter with the defendants, evidence of his issues with anger is relevant.

The remainder of Paradiso's motion refers only generally to other mental conditions, including an obsessive compulsive disorder, post-traumatic stress, and "multiple family issues as well as issues involving employees and neighbors." The court has been unable to discern from the parties' briefs exactly what evidence is anticipated to be offered at trial or Paradiso's precise arguments for excluding the evidence from trial. As a result, the court is wholly unable to evaluate whether such evidence would be relevant or overly prejudicial.

Accordingly, the motion to exclude evidence of Paradiso's issues with anger is denied. To the extent that Paradiso seeks to exclude other medical or psychiatric evidence, he must file a renewed motion in limine specifying precisely what evidence he seeks to exclude supported by developed arguments including citations to authority, to be filed no later than October 6, 2009. The defendants shall respond by October 13, 2009, and any reply must be filed by October 20, 2009.

6. *Bar Evidence That Plaintiff's Hypothyroid Condition Caused Depression*

Paradiso seeks to exclude testimony from his treating psychologist and his treating physician that his hypothyroidism could have contributed to his depression. Paradiso contends that such testimony would be misleading because his treating doctors stated only that the hypothyroidism *could* have contributed to his depression, and that no evidence directly ties his depression to hypothyroidism.

Paradiso's argument goes to the weight of the evidence identified, not its admissibility. Accordingly, the motion is denied.

8. *Bar Argument About Plaintiff's Motives in Filing Lawsuit*

Paradiso seeks to exclude any evidence of or argument about his motives in filing this lawsuit, citing in support the decision in *Hubbard v. McDonough Power Equip.*, 404 N.E.2d 311 (Ill. App. Ct. 1980). But nothing in *Hubbard* involves arguments about a plaintiff's motive for filing a lawsuit, nor does Paradiso explain what bearing a decision employing Illinois rules of evidence has on this court's application of the Federal Rules of Evidence.

Because Paradiso has not convinced the court that evidence of his motives could never be relevant to his credibility or any other issues, his motion in limine is denied; however, the court will revisit the issue at trial if necessary.

9. *Bar Evidence of Either Party's Financial Position*

Paradiso seeks to exclude evidence of either party's financial position. However, he seeks punitive damages from officers Obaldo and Preost and, therefore, evidence of their financial position is relevant. *See Spina v. Forest Preserve of Cook County*, No. 98 CV 1393, 2001 WL 1491524, at *7 (N.D. Ill. Nov. 23, 2001).

As for evidence of Paradiso's finances, the defendants contend that evidence of his finances is relevant to his claim for lost wages. However, the only lost wages Paradiso currently seeks are reduced commissions on specific sales that occurred between January and September 2007. The total commissions that Paradiso lost depend upon the amount of sales that occurred, not on his general financial health. Therefore, the court disagrees with the defendants' contention that evidence of Paradiso's financial position is relevant to the calculation of his lost

wages.

Accordingly, the motion to exclude evidence of the defendants' financial positions is denied, but evidence of Paradiso's financial position is excluded.

*10.	Bar Evidence that an Award of Damages Would Burden the Public*

Paradiso seeks to bar any evidence or argument that taxpayers would be burdened by any award of damages. The defendants argue that the motion should be denied because taxpayers *would* in fact be burdened by any award of damages. But to be admissible, evidence must be relevant, not merely truthful. The burden on taxpayers is not relevant to any of Paradiso's claims against the defendants or the amount of damages he allegedly suffered.

Accordingly, the motion to bar is granted.

*11.	Bar Evidence to Bolster the Character of Defendants*

Paradiso seeks to bar evidence of the defendants' good character as police officers, such as evidence of awards or commendations they have received. The defendants do not anticipate introducing such evidence, so the motion is granted. However, the court will revisit the issue in the event that Paradiso attempts to impugn the officers' character and the defendants seek to introduce evidence of their good character.

*13.	Bar Evidence Regarding Circumstances Under Which Plaintiff Retained His Attorney*

Paradiso seeks to exclude evidence or argument about the circumstances under which he retained his attorney, such as the fact that he obtained counsel through a friend's referral. The defendants do not anticipate seeking to introduce such evidence unless Paradiso attempts to recover his attorney's fees as an element of his damages.

Accordingly, the motion in limine is granted. However, the court will revisit the issue at trial in the event that Paradiso seeks to recover his attorney's fees as damages and the defendants can establish relevance.

*15.	Permit Plaintiff to Question Police Officers as Hostile Witnesses*

Paradiso seeks to question any police officers he puts on the stand as adverse witnesses. The defendants do not object to Paradiso calling the defendant officers as adverse witnesses, but do object to calling non-defendant officers as adverse witnesses.

Under Federal Rule of Evidence 611(c), leading questions may be used on direct examination of a "witness identified with an adverse party." When the city is a defendant to a

§ 1983 claim, police officers employed by the city and who were present during portions of the incident at issue are "clearly qualified as a 'witness identified with an adverse party.'" *Ellis v. City of Chicago*, 667 F.2d 606, 612-13 (7th Cir. 1981).

Paradiso has not identified the non-defendant officers he seeks to call as adverse witnesses or described their connection to the incident. Accordingly, at this time the court cannot assess whether the officers can be "identified with an adverse party."

Thus, Paradiso may call the defendant officers as hostile witnesses, but must seek the court's permission at trial before questioning any non-defendant police officer as a hostile witness.

*17.    Bar Expert Testimony of Dr. Angelos Halaris*

Paradiso seeks to exclude testimony from the defendant's expert witness, Dr. Angelos Halaris, who has opined that Paradiso does not meet the diagnostic criteria of Post Traumatic Stress Disorder. Paradiso contends that Dr. Halaris' opinion that Paradiso has exhibited no signs of Post Traumatic Stress Disorder should be excluded because it conflicts with the opinions of two doctors who treated Paradiso and who reported that Paradiso exhibited signs of Post Traumatic Stress Disorder.

Paradiso argues that by concluding that he exhibited no signs of Post Traumatic Stress Disorder, Dr. Halaris implicitly rejected whatever signs of Post Traumatic Stress Disorder Paradiso exhibited to his other doctors. Paradiso contends that, in doing so, Dr. Halaris made an improper credibility determination.

An expert may not offer testimony about which trial witnesses were credible, but may offer an opinion based upon one of two competing versions of the facts. *See Richman v. Sheahan*, 415 F. Supp. 2d 929, 944 (N.D. Ill. 2006). Thus, Dr. Halaris is entitled to offer his opinion based on the signs of stress he observed in Paradiso, even though other doctors observed different signs.

Accordingly, the motion to exclude the opinions of Dr. Halaris is denied.

The court notes that for the first time in his reply brief, Paradiso offers the alternative argument that Dr. Halaris' opinion should be excluded because it does not meet the minimum standards of relevance and reliability set out in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993). However, Paradiso forfeited the argument by saving it for his reply brief. *See Narducci v. Moore*, 572 F.3d 313, 324 (7th Cir. 2009).

However, even if the argument was timely, it would still be unavailing. Rule 702 of the Federal Rules of Evidence and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), govern the admissibility of expert testimony in federal court. *See Naeem v. McKesson*

*Drug Co.*, 444 F.3d 593, 607 (7th Cir. 2006). Rule 702 provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

Under *Daubert*, this court must function as a "gatekeeper" to "ensure the reliability and relevancy of expert testimony." *Id.* at 607, quoting *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999). To perform the gatekeeping function, the court must focus on the expert's methodology, *Smith v. Ford Motor Co.*, 215 F.3d 713, 718 (7th Cir. 2000), and consider whether the expert's work is "reasoned, uses the methods of the discipline, and is founded on data," *Naeem*, 444 F.3d at 608, quoting *Lang v. Kohl's Food Stores, Inc.*, 217 F.3d 919, 924 (7th Cir. 2000). The court must also determine if an expert is offering legal conclusions, as "experts cannot make those." *See United States v. Diekhoff*, 535 F.3d 611, 619 (7th Cir. 2008).

In support of his argument that Dr. Halaris' opinion must be excluded under *Daubert*, Paradiso merely repeats his assertion that Dr. Halaris formed his opinion based upon impermissible determinations of credibility. But as explained above, Dr. Halaris is not offering his opinion about a trial witness' credibility, but rather offered an opinion based upon one of two competing versions of the facts. *See Richman v. Sheahan*, 415 F. Supp. 2d 929, 944 (N.D. Ill. 2006).

Accordingly, Paradiso's motion to exclude opinion evidence from Dr. Halaris is denied.

### 18. *Bar Evidence That Plaintiff is Malingering for Secondary Gain*

Paradiso seeks to exclude any testimony by the defendants' expert, Dr. Halaris, that Paradiso is "malingering for secondary gain." Motion [97-1] at 11. In support, Paradiso argues that any such testimony by Dr. Halaris would be unfounded because Dr. Halaris "conceded the Plaintiff does not meet the criteria for malingering." *Id.*

Although Paradiso attached Dr. Halaris' report as an exhibit to his motion, he never cited where in the report Dr. Halaris concluded that Paradiso does not meet the criteria for malingering. Nor could the court pinpoint such a conclusion. The only statement on malingering the court found in Dr. Halaris' report is the general statement that "if a plaintiff is claiming damages associated with a disorder that is purported to have arisen from a traumatic event, the claimant will have a vested interest in 'holding on' to the symptoms characteristic of the

disorder." *Id.* at 14.

Although the court could not find Dr. Halaris' conclusion that Paradiso does not meet the criteria for malingering, the defendants do not dispute Paradiso's assertion that Dr. Halaris reached that conclusion. Instead, they argue that Dr. Halaris should be permitted to testify about Paradiso's possible malingering because one therapist who diagnosed Paradiso with Post Traumatic Stress Disorder failed to rule out malingering as required by the Diagnostic and Statistical Manual of Mental Disorders.

Because the defendants have not disputed that Dr. Halaris ruled out malingering, the motion to bar him from testifying that Paradiso is malingering is granted. To the extent that any witness diagnosed Post Traumatic Stress Disorder in violation of medical norms, the defendants can raise that issue on cross-examination.

## CONCLUSION

The parties' motions in limine, [97-1] and [98-1], are granted in part and denied in part as described herein. To the extent that Paradiso seeks to exclude medical or psychiatric evidence other than evidence of anger issues, he must file a renewed motion in limine specifying precisely what evidence he seeks to exclude supported by developed arguments including citations to authority, to be filed no later than October 15, 2009. The defendants shall respond by October 22, 2009, and any reply must be filed by October 29, 2009.

ENTER:

DATE: October 8, 2009

*Blanche M. Manning*
Blanche M. Manning
United States District Judge